UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICTOR J. BLOUIN SR., ET AL. | CIVIL ACTION |
| VERSUS | NO: 17-2636 |
| HUNTINGTON INGALLS INC., ET AL. | SECTION: "A" (3) |

## ORDER

The following motion is before the Court: **Motion to Remand (Rec. Doc. 7)** filed by Plaintiffs, Victor Blouin, Sr., Victor Blouin, Jr., and Nicole C. Blouin, individually and as the statutory heirs of Ruth E. Blouin. Defendant Huntington Ingalls Inc. ("Avondale") opposes the motion. The motion, submitted for consideration on May 3, 2017, is before the Court on the briefs without oral argument. For the reasons stated herein, the motion is GRANTED.

**I.    BACKGROUND**

Plaintiffs initiated this action in state court against Avondale and others asserting survival and wrongful death claims as the heirs and statutory wrongful death beneficiaries of Ruth E. Blouin. Ms. Blouin contracted mesothelioma and allegedly died as a result of the disease. Plaintiffs allege that Ms. Blouin's mesothelioma was caused in part by exposure to asbestos while laundering the work clothes of her husband, Victor J. Blouin, Sr.[1] Mr. Blouin was employed at Avondale from April 1972 to August 1972,

---

[1] This type of case is referred to as a secondary exposure or colloquially, "take-home"

where he was exposed to asbestos while working as an electrician on two government vessels. The crux of the claims against Avondale is that Avondale failed in its duties under state law to warn of the hazards of asbestos and failed to implement any of the many industrial hygiene and engineering safeguards then known to lessen or eliminate asbestos exposure. Plaintiffs do not assert claims against Avondale based on the theory of strict liability. (Rec. Doc. 7-1, Memo in Support at 4).

No party suggests that the initial pleadings put Avondale on notice that the case was removable.[2] Importantly, the factual allegations did not link the Blouines' exposure to any vessels being built by Avondale under contracts with the United States government. (Rec. Doc. 1, Notice of Removal ¶ 4). But on February 17 and 20, 2017, Victor Blouin, Sr. was deposed. Mr. Blouin testified that during his short time with Avondale he worked aboard only two ships—a destroyer escort and a Coast Guard cutter, both of which were United States government ships. (Rec. Doc. 7-19, Blouin deposition at 52-53).

Avondale's counsel received the deposition transcript from the court reporter on March 2, 2017. (Rec. Doc. 1-5, Thornhill affidavit). Avondale filed its notice of removal on March 28, 2017.

Plaintiffs now move to remand the case to state court. First, Plaintiffs contend

---

mesothelioma case.

[2] According to Avondale, the original and amending and supplemental petitions contained broad allegations of exposure to asbestos with no details as to where or how the decedent's husband was exposed to asbestos at Avondale. (Rec. Doc. 38, Memo in Opposition at 3). Moreover, the parties do not appear to be diverse in citizenship.

that the removal was untimely because Avondale waited more than 30 days from the date of Mr. Blouin's deposition to file its notice of removal. Second, Plaintiffs contend that this case does not meet the standard for removability under 28 U.S.C. § 1442, the federal officer removal statute. The Court considers each of these contentions in turn.

## II. LAW AND ANALYSIS

### A. Timeliness

Title 28 U.S.C. § 1446 governs the procedural aspects of removal, including timeliness. Again, no party suggests that the initial pleadings (or any of the pleadings for that matter) put Avondale on notice that the case was removable. Therefore, the removal in this case was governed by § 1446(b)(3). Section 1446(b)(3) provides that

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of **an amended pleading, motion, order, or other paper** from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.A. § 1446(b)(3) (West Supp. 2016) (emphasis added). Thus, pursuant to the foregoing plain language of § 1446(b)(3), the timeliness of the removal in this case turns on whether Avondale removed the case within 30 days of receipt of a copy of "an amended pleading, motion, order, or other paper" from which it could "first be ascertained" that the case was removable. The "other paper" that Avondale relies upon is the transcript of Victor J. Blouin, Sr.'s discovery deposition. But because the deposition testimony itself gave Avondale actual notice of its asserted basis for removal, Plaintiffs contend that the 30-day time clock was triggered on February 17, 2017, and

expired on March 19, 2017,[3] well before Avondale removed the case. Avondale takes the position, however, that the plain language of the statute does not trigger the 30-day period for removal unless the defendant receives something *in writing*, which means that only the deposition transcript itself could trigger the 30-day countdown imposed by § 1446(b)(3). Thus, resolution of Plaintiffs' first challenge to the removal turns on the legal question of whether the 30-day period for removal was triggered when Mr. Blouin testified at his deposition or whether it was triggered when Avondale received the deposition transcript from the court reporter.

In *Huffman v. Saul Holding Ltd.*, 194 F.3d 1072 (10th Cir. 1999), the Tenth Circuit squarely addressed the issue of whether the giving of the deposition testimony itself or the receipt of the court reporter's transcript constituted "other paper" for purposes of triggering § 1446(b)(3)'s 30-day deadline. The *Huffman* court, after observing that the majority of federal district courts have not required receipt of an actual written document, held that it was the deposition testimony not the court reporter's transcript that triggered removal. *Id.* at 1078. In so holding, the court explained that deposition testimony stands on equal footing with written forms of discovery, such as interrogatories and requests for information. *Id.* Further, the rules of civil procedure do not impose a deadline for producing a transcript of a deposition so the date of receipt of a transcript may be subject to manipulation. *Id.*

---

[3] March 19, 2017, was a Sunday. Pursuant to Federal Rule of Civil Procedure 6(a), if the trigger date for removal was February 17, 2017, then the 30 day period ended on Monday, March 20, 2017.

Other non-controlling cases have reached a similar result. *See, e.g., In re Vioxx Prods. Liab. Litig.*, No. MDL 1657, 2005 WL 3542885 (E.D. La. Nov. 23, 2005) (Fallon, J.); *Campos v. Housland, Inc.*, 824 F. Supp. 100 (S.D. Tex. 1993); *King v. Kayak Manufacturing Corp.*, 688 F. Supp. 227 (N.D.W. Va. 1988) (finding that the district court's oral ruling from the bench and not receipt of the court's written order triggered removability).

The Court notes that this case does not present a factual scenario where the removing party actually learns of removability or first ascertains it upon receiving a deposition transcript from a court reporter. The facts that rendered the case removable were revealed to all parties on February 17, 2017, the date of Mr. Blouin's deposition. Avondale was not only represented at Mr. Blouin's deposition, its counsel questioned Mr. Blouin at length, and in particular about the government vessels at issue. Counsel's questions touched upon factual inquiries pertinent to a potential federal defense and federal officer removal. (Rec. Doc. 7-19, Blouin deposition at 52-53). Avondale had "unequivocally clear and certain" evidence at that point regarding removability, s*ee Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002), and whether Avondale understood its significance at the time is irrelevant to whether the requirements of § 1446(b)(3) were triggered.[4]

---

[4] Avondale suggests that predicating removal on the content of deposition testimony implicates a subjective knowledge standard in contravention of the principles underlying the Fifth Circuit's timeliness cases. (Rec. Doc. 58-2, Supp. Memo. at 3). The subjective knowledge prohibition prevents a defendant from reopening the time for removal under § 1446(b)(3) based on his subjective knowledge of the facts because subjective knowledge by the defense does not satisfy the requirements of § 1446(b)(3). *S.W.S. Erectors*, 72 F.3d at 494. Moreover, textually § 1446(b)(3) protects defendants from needless concern with inferences that should have or could

Further, the deposition testimony at issue was that of the plaintiff himself, not that of some other non-party or defense witness. Thus, the testimony that put Avondale on notice that the case was removable complies with the rule in this circuit that "other paper" must result from the voluntary act of the plaintiff. *See Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996)). Obviously, Mr. Blouin's own testimony constituted "a voluntary act of the plaintiff"; it is not robbed of that character even if the defendants themselves noticed the deposition. *See S.W.S. Erectors*, 72 F.3d at 491-92.

Interestingly, § 1446(b)(3) does not use the terminology "in writing," it says "other paper," and rightly or wrongly decided, many cases have interpreted "other paper" to be a concept broader than a writing. Section 1446 itself now contains textual support for that proposition. *See* § 1446(c)(3)(A) (pertaining to diversity jurisdiction). Obviously, requiring *an amended pleading, motion, order, or other paper* to reopen the statutory window for removal envisions both notions of fairness to the defendant in terms of notice, and non-equivocation in terms of evidence. Deposition testimony given under oath is not akin to a conversation or other oral assertion that can be denied later. The substance of the deposition testimony in this case was made no more or less unequivocal or irrefutable by the court reporter's ultimate production of a typed transcript. Basing the removal deadline on the vagaries of the court reporter's schedule, particularly when the *writing* at issue is *not* the source from which it **may first be**

---

have been made regarding removability. But once the requirements of § 1446(b)(3) are triggered, the defendant is charged with actual notice of removability regardless of whether he subjectively recognizes it as such.

***ascertained*** that the case is one which is or has become removable, strikes the Court as arbitrary .

*Huffma*n is the only circuit court opinion to address the specific issue presented in this case, *i.e.*, whether deposition testimony can trigger the second 30-day removal period provided by § 1446(b)(3). *S.W.S. Erectors v. Infax, supra,* holds that a deposition transcript constitutes "other paper" that supports removal under § 1446(b)(3), but that panel was not presented with the question of whether the deposition testimony itself can constitute "other paper" for purposes of starting the second 30-day removal period provided by § 1446(b)(3); and the panel never suggested that it could not. Therefore, the numerous district court cases that support Plaintiffs' position are not necessarily contrary to circuit precedent.[5]

---

[5] Avondale's approach to discrediting those cases, such as *Poole v. Western Gas Resources, Inc.*, No. 97-2929, 1997 WL 722958, at *2 (E.D. La. Nov. 18, 1997) (Clement, J.), where the judge found "no functional difference between a deposition and a transcript of a deposition for purposes of the removal statute," is to suggest that § 1446(b)(3) envisions a time period when a case can *voluntarily* be removed before the *mandatory* 30 day period begins to run. As the Court previously explained (Rec. Doc. 56 n.1), § 1446(b)(3) does not recognize such a bifurcated timing system. It is important to remain mindful that in cases like this one that were not removable on the initial pleadings, § 1446(b)(3) only comes into play once the initial 30-day window from § 1446(b)(1) has expired. Regardless of what a defense attorney subjectively learns about the case after that initial 30-day window has closed, any attempt to remove the case will be deemed untimely unless the second 30-day window of § 1446(b)(3) is opened. And once that window is opened, the 30-day countdown begins. Thus, removing a case during the "voluntary" period that Avondale describes would result in a patently untimely removal.

Further, Avondale's reliance on footnote 13 in *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013), for the voluntary/mandatory proposition is misplaced. In footnote 13 of the *Mumfrey* decision the Fifth Circuit was referring to removal under § 1446(b)(1) not § 1446(b)(3). The triggers for the running of the 30-day windows provided by those two statutory provisions do not work the same way. Therefore, if Avondale had known upon being served with this lawsuit that Mr. Blouin had been exposed to asbestos while working on government vessels, then Avondale *could have* removed this case under § 1446(b)(1) by alleging the facts outside of the pleadings that supported removal and removing within 30 days of service. But once the initial 30-day period from § 1446(b)(1) expired, Avondale could not *voluntarily* remove the case based on its own subjective knowledge because the removal would then be untimely.

However, the Court is not persuaded that Avondale's interpretation of the law in this circuit is unreasonable. Section 1446(b)(3) refers specifically to "other paper," and the Fifth Circuit has not yet held that "other paper" can be something other than a physical document. This Court will not deprive Avondale of its statutory right to remove this case by expanding "other paper" beyond its plain meaning until such time as the Fifth Circuit specifically decides the issue. The Court therefore considers Avondale's notice of removal, which was filed within thirty days of receipt of the deposition transcript, as timely.[6] The Court now considers the merits of the removal.

B. **Removal Merits**

Avondale removed this case under the auspices of the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Avondale alleges that the use and installation of asbestos-containing materials in the construction of the federal vessels was required by the contractual provisions and design specifications mandated by the federal government. (Notice of Removal ¶ 9). Avondale alleges that the vessels were constructed under mandatory terms, conditions, and specifications established by the United States government. *Id.* ¶ 11.

---

Instead, Avondale would have to wait until the plaintiff provided "other paper" evidence to open a new 30-day window under § 1446(b)(3) to remove on facts that it knew about all along. That is the principle that footnote 13 in *Mumfrey* recognizes.

[6] The Court notes that even if the 30-day period began to run on February 17, 2017 when the deposition occurred, Avondale received the transcript from the court reporter on March 2, 2017, which means that Avondale still had over two weeks to remove the case within the more onerous 30-day period. The notice of removal that Avondale did ultimately file was simple and straightforward, and removal under the grounds asserted did not require consent from any of the other defendants. Thus, this case does not present a scenario where the defendant's removal rights would have been unfairly prejudiced by a delay in receiving a transcript.

Plaintiffs do not take issue with the foregoing general allegations. But given that their claims pertain to Avondale's failure to warn of the hazards of asbestos and failure to implement any of the known safety measures designed to mitigate asbestos exposure—state law duties that were in no manner controlled by or in conflict with the government's mandates—Plaintiffs contend that federal officer removal is not available to Avondale. Specifically, Plaintiffs argue that Avondale can satisfy neither the causal nexus nor federal defense aspects of federal officer removal. Plaintiffs posit that even if Avondale was under the substantial control of the government regarding the use of asbestos on the federal vessels, it is insufficient for purposes of federal officer removal to simply establish that the relevant acts occurred under the general auspices of a federal officer. Simply put, Plaintiffs contend that the omissions by Avondale that injured them had nothing to do with federal requirements because the evidence demonstrates that asbestos-related safety measures at Avondale were never under federal direction and control.

Moreover, Plaintiffs emphasize that they do not assert any claims against Avondale based on the theory of strict liability—Plaintiffs' claims against Avondale in this matter sound only in negligence. Plaintiffs contend that the Fifth Circuit recognizes a critical distinction between strict liability and negligent failure to warn claims in situations where a contractor seeks to remove a case and avail itself of the contractor immunity defense.

Title 28, § 1442, entitled Federal Officers or Agencies Sued or Prosecuted, states in relevant part:

> **(a)** A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district

court of the United States for the district and division embracing the place wherein it is pending:

> **(1)** The United States or any agency thereof or any *officer (or any person acting under that officer)* of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C.A. § 1442(a)(1) (West 2006 & Supp. 2016).

To qualify for removal under § 1442(a)(1), the removing defendant must show (1) that it is a "person" within the meaning of the statute, (2) that the defendant acted pursuant to a federal officer's directions, and (3) that a causal connection exists between the defendant's actions under color of federal office and the plaintiff's claims. *Bartel v. Alcoa Steamship Co.*, 805 F.3d 169, 172 (5th Cir. 2015) (quoting *Winters v. Shamrock Chem. Co.*, 149 F.3d 387, 398-400 (5th Cir. 1998)). Even where the defendant can show that it acted pursuant to a federal officer's directions, removal will not be proper unless he can also establish the requisite causal connection between the defendant's actions under color of federal office and the plaintiff's claims. *See id.* Additionally, a defendant seeking to remove under § 1442(a)(1) must demonstrate that it has a colorable federal defense to the plaintiff's claims. *See Mesa*, 489 U.S. at 965.

The Court discerns little controversy in the first two requirements for federal officer removal. Avondale is a "person" for purposes of the statute, and it was acting pursuant to the government's directions when it worked on the two federal vessels where Mr. Blouin was exposed to asbestos.

The point of contention arises with respect to the causal nexus requirement for federal officer removal. The causal nexus requirement functions to ensure a legitimate federal interest in

a matter by limiting the universe of potentially removable claims to those where the specific acts or omissions upon which the plaintiff's claims are based were themselves performed under federal direction. *See Zeringue*, 846 F.3d at 794 (citing *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998)). For instance in *Bartel v. Alcoa Steamship Co., supra*, the plaintiffs had worked aboard Navy vessels where they were exposed to asbestos. They alleged that their injuries were attributable to the employer's negligence—failure to warn of the dangers of asbestos, to train their crews in using asbestos-containing products, and to adopt procedures for the safe installation and removal of asbestos.[7] 805 F.3d at 171. The Fifth Circuit held that federal officer removal was improper because the defendants could do no more than show that the federal government owned the vessels in question. *Id.* at 174. There was no evidence to suggest that the government exercised oversight over operations aboard the vessels, and what little evidence there was tended to suggest that the defendants operated the vessel in a largely independent fashion, and were free to adopt the very safety measures that the plaintiffs were alleging would have prevented their injuries. *Id.* The *Bartel* panel distinguished failure to warn cases like *Lalonde v. Delta Field Erection*, No 96-3244, 1998 WL 34301466 (M.D. La. Aug. 6, 1998), where the federal government *had* been dictating safety operations at the facility where the plaintiff was exposed. *Bartel,* 805 F.3d at 173.

*Bartel* was decided in 2015. Then in 2016 the Fifth Circuit decided *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457 (5th Cir. 2016), which vacated the district court's remand order because the district court had erroneously construed all of the plaintiff's claims as negligence

---

[7] The opinion alludes to potential claims for strict liability that might have supported removal but any argument pertaining to those claims had been waived on appeal and therefore did not impact the court's analysis. *Bartel*, 805 F.3d at 174.

claims when in fact the plaintiffs had alleged negligence claims *as well as strict liability claims*. *Id.* at 460. Crucially, with respect to the negligence claims, the Fifth Circuit specifically found that those claims did not support federal officer removal because those claims challenged discretionary acts of the shipyard free of federal interference. *Id.* at 463. The government's directions to the shipyard via the contract specifications did not cause the alleged negligence so those claims did not support removal. *Id.*

Thus, *Bartel* and *Savoie* are consistent with each other and with a long line of federal officer removal cases in this circuit insofar as state law negligence claims for failure to warn and the like are concerned. Nothing in Avondale's briefing suggests that it can refute Plaintiffs' contention that under the established law in this circuit as demonstrated by *Bartel* and *Savoie*, Avondale cannot satisfy the causal nexus requirement in light of the nature of Plaintiffs' claims.

Avondale contends, however, that the causal nexus requirement changed when Congress amended § 1442(a)(1) in 2011 to broaden the universe of removable cases, and that now the requisite causation component for purposes of federal officer removal has been so relaxed so as to render the instant case removable. Avondale contends that post-amendment all it need show to support removal is that the suit merely relates to the work that it did for the government contracts. According to Avondale, the former distinction between strict liability and negligence claims is now irrelevant, and Plaintiffs are relying on pre-amendment jurisprudence that has now been eschewed by the Fifth Circuit. Avondale contends that the recent decision of *Zeringue v. Crane Co.,* 846 F.3d 785 (5th Cir. 2017), evinces this change in the law and in the Fifth Circuit's current treatment of failure to warn claims.

In order to support its argument Avondale has characterized *Bartel* and *Savoie* as *pre-amendment* cases decided under old law but this characterization is inaccurate. Both *Bartel* and *Savoie* were removed from state court years after the 2011 amendments to § 1442 that allegedly changed the law, and those court of appeal decisions were issued in 2014 and 2015. Both decisions quote verbatim the amended version of § 1442(a)(1) so there is no question that both decisions were rendered under the post-amendment version of the statute. Contrary to Avondale's argument, *Bartel* and *Savoie* do not constitute pre-amendment jurisprudence.[8]

And importantly, the Fifth Circuit's decision in *Zeringue v. Crane Co., supra*, which was decided earlier this year and which expressly acknowledges the broadening effect of the 2011 amendments to § 1442, does not purport to change the law in this circuit regarding negligence claims grounded on failure to warn and like omissions. Factually, *Zeringue* involved a manufacturer that built equipment under contract with the government and that equipment included asbestos pursuant to specific government mandates. The *Zeringue* panel expressly discussed *Bartel* and explained that *Bartel*—which again was a failure to warn case—was consistent with its outcome in *Zeringue* because a finding of removability in *Bartel* would have been stretching the causal nexus requirement "to the point of irrelevance." *Zeringue*, 846 F.3d at 794 (quoting *Wilde v. Huntington Ingalls, Inc.*, 616 Fed. Appx. 710, 713 (5th Cir. 2015)). Simply,

---

[8] It appears that any arguments based on the impact of the 2011 amendments were not even raised in *Bartel* and not raised in *Savoie* until the defendant petitioned the Fifth Circuit for rehearing. *Savoie v. Huntington Ingalls, Inc.*, 824 F.3d 468 (5th Cir. 2016). If the 2011 amendments to § 1442(a)(1) effected the type of sweeping changes in federal officer removal jurisdiction that Defendant urges in this case, and essentially opened the doors of the federal courts to a bevy of new state law cases formerly not removable, it is beyond puzzling that the significance of those amendments was overlooked by the parties in those cases.

*Zeringue* expressly recognizes that *Bartel* remains a correct result even under the 2011 amendments.[9] In light of the nature of Plaintiffs' claims in this case, Avondale is not similarly situated to the removing defendant in *Zeringue*, but rather to the removing defendant in *Bartel*, which remains good law.[10]

Even though *Zeringue* does not control in this case, the panel's discussion of the 2011 amendments does suggest that the Fifth Circuit concurs in Avondale's suggestion that the 2011 amendments relaxed the causal nexus requirement to broaden the scope of removable cases. But even so, the gadfly for Avondale in removing this particular case comes in the requirement of being able to assert a colorable federal defense to Plaintiffs' failure to warn claims. Section 1442(a) is a pure jurisdictional statute that grants district court jurisdiction over cases in which a federal officer is a defendant, but regardless how broadly Congress defines removability under the statute, Article III of the Constitution serves as a backstop. See *Mesa*, 489 U.S. at 968-69. In *Mesa*, the Supreme Court held that federal officers cannot remove cases against them to federal court in the absence of a federal defense because without a federal defense there is no Article III subject matter jurisdiction. *Id.* at 139. Contrary to Avondale's suggestion, the requirement of a federal defense dictated by Article III of the Constitution was not and could not be relaxed by the 2011 amendments to the removal statute.

---

[9] *Zeringue* also expressly states that the panel was not considering whether the failure to warn claim was removable. 846 F.3d at 794 ("[W]e do not determine whether Crane independently established the right to remove Zeringue's failure to warn claim.").

[10] In *Legendre v. Huntington Ingalls, Inc.*, Judge Africk recently concluded that *Bartel* and *Savoie* remain good law as to negligence claims. No. 17-2162, 2017 WL 1458209 (E.D. La. Apr. 25, 2017).

The specific federal defense alleged in the notice of removal is the doctrine of government contractor immunity established in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), and its progeny. (Notice of Removal ¶ 10).11 The problem, however, is that this case is not one where the federal government's contracts, requirements, or specifications interfered with Avondale's ability to conform its conduct in accordance with the duties imposed under state law. Neither the McCafferty nor the Joyce affidavits suggest otherwise. (Rec. Docs. 38-1 & 38-6). Again, this case is like *Bartel* and not like other cases where federal control displaced the defendant's ability to conform its conduct to state law. *See Lalonde, supra*. In other words Avondale has no federal defense to Plaintiff's state law negligence claims.

Avondale's only answer to this problem is to contend that recognizing the foregoing for what it is would be to hold Avondale to an overly demanding a burden of proof at the jurisdictional stage. The Court recognizes that Avondale need not win its defense at this stage and need not present an "airtight case on the merits." *Jefferson Cnty. v. Acker*, 527 U.S. 423, 432 (1999). Avondale need only demonstrate a colorable federal defense but in this case it cannot do even that. Avondale's treatment of the federal defense issue in briefing tracks *Zeringue* nearly verbatim but *Zeringue* was decided on claims specific to a manufacturer that followed government specifications when incorporating asbestos into its design. For purposes of a federal defense,

---

[11] In *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), the Supreme Court concluded that independent contractors who supply military equipment to the federal government are entitled, under certain circumstances, to the same discretionary immunity defense that protects the government from state tort liability. The Supreme Court held that liability for faulty design of military equipment cannot be imposed under state law on a government contractor when, 1) the United States approved reasonably precise specifications; 2) the equipment conformed to those specifications; and 3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. *Id.* at 512.

Avondale is not similarly situated to the manufacturer in *Zeringue* and the nature of the claims against Avondale are substantively different than the claims in *Zeringue* that drove the panel's decision as to removal. The fact that the *Zeringue* court addressed the federal defense in that case first before proceeding to the more relaxed requirements of § 1442(a) only underscores the importance of the defense for triggering a federal interest in the matter sufficient to support federal jurisdiction, particularly when applying a more relaxed causal nexus standard. Thus, even if the 2011 amendments to § 1442 broadened the scope of federal officer removal by relaxing the causal nexus requirement, this case must be remanded for lack of a colorable federal defense to the state law claims.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 7)** filed by Plaintiffs, Victor Blouin, Sr., Victor Blouin, Jr., and Nicole C. Blouin, individually and as the statutory heirs of Ruth E. Blouin is **GRANTED**. This matter is **REMANDED** to the state court from which it was removed.

June 19, 2017

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE